UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ARVIND GUPTA,

    Plaintiff,

v.

THOMAS E. PEREZ, Secretary of Labor (in his official capacity); and WIPRO LIMITED,

    Defendants.

Case No. 5:14-cv-01102 HRL

**ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER AND DENYING AS MOOT PLAINTIFF'S MOTION FOR RELIEF FROM ADR PROGRAM**

[Re: Dkt. Nos. 11, 23]

This action arises out of alleged wage payment violations under the Immigration and Nationality Act (INA), 8 U.S.C. § 1101, et seq. Pursuant to 28 U.S.C. § 1404(a), defendant Wipro Limited (Wipro) moves for an order transferring this case to the District of New Jersey. Defendant Perez, sued here in his official capacity as the U.S. Secretary of Labor (Secretary), joins in the motion. Pro se plaintiff Arvind Gupta opposes the motion. All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Upon consideration of the moving and responding papers, as well as the arguments presented at the motion hearing, the court grants the motion.[1]

---

[1] Plaintiff's motion for relief from referral to the court's Alternative Dispute Resolution Multi-Option program therefore is denied as moot.

# BACKGROUND

Gupta is a former Wipro employee who lives in Mumbai, India. Wipro is a global information technology, consulting, and outsourcing company. Although it maintains an office in Northern California, Wipro says it is headquartered in India, with its U.S. operations based in East Brunswick, New Jersey. (Rodrigues Decl. ¶ 2). Gupta worked for a period of time for Wipro in the U.S. under an H-1B visa, which essentially allows U.S. employers to temporarily employ nonimmigrant alien workers in specialty occupations. Plaintiff, who says that he worked for Wipro in New York, Nebraska, and Georgia, alleges that Wipro failed to pay his wages and made unauthorized deductions from his paychecks in violation of the H-1B provisions of the INA.

In May 2009, Gupta says he filed a complaint re the alleged violations with the Wage and Hour Division of the U.S. Department of Labor (DOL) in its San Francisco, California office. He says that DOL concluded that there was reasonable cause to conduct an investigation. (Complaint ¶ 21). Plaintiff goes on to allege that, for reasons unknown, his complaint subsequently was transferred from San Francisco to the DOL's office in Lawrenceville, New Jersey. (Id. ¶ 24). A decision issued adverse to plaintiff, and he requested a hearing before an administrative law judge. Gupta says that although that matter initially was assigned to the DOL's San Francisco office, he requested that it be transferred to New Jersey. (Id. ¶ 31). He proceeded through the administrative process there and lost.

Plaintiff then filed the instant lawsuit here, seeking judicial review of the Secretary's decision against him. Several weeks later, he filed an amended complaint, adding several claims against Wipro for the alleged unauthorized deductions and failure to pay his wages.

Wipro does not dispute that venue is proper here. Nevertheless, it contends that this lawsuit has no material connection to California because Gupta is not a California resident; he never worked for Wipro in California; and, Wipro's U.S. operations are based in New Jersey, where plaintiff's underlying administrative complaint was adjudicated. Wipro argues that transferring this case to the District of New Jersey pursuant to 28 U.S.C. § 1404(a) would serve the convenience of the parties and witnesses and promote the interest of justice. As noted above,

the Secretary joins in Wipro's motion.

## DISCUSSION

Preliminarily, Gupta argues that this case should stay in Northern California because venue is proper here. He further contends that defendants' motion is foreclosed by Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the Western Dist. of Texas, 134 S. Ct. 568 (2013). Plaintiff misapprehends the nature of the instant motion, and Atlantic Marine is inapposite. That case concerned the question whether a contractual forum selection clause may be enforced by a motion to dismiss for improper venue under 28 U.S.C. § 1406(a) or Fed. R. Civ. P. 12(b)(3). Id. at 575. There is no forum selection clause at issue here, and defendants seek transfer under 28 U.S.C. § 1404(a), which provides that a district court may transfer a civil action to any district where the case could have been filed originally for the convenience of the parties and witnesses and in the interests of justice. As confirmed in Atlantic Marine, "[u]nlike § 1406(a), § 1404(a) does not condition transfer on the initial forum's being 'wrong.' And it permits transfer to any district where venue is also proper (*i.e.*, 'where [the case] might have been brought') or to any other district to which the parties have agreed by contract or stipulation." Id. at 579.

Transfer pursuant to § 1404(a) is appropriate where (1) the transferee court is one where the action might have been brought; and (2) the convenience of the parties and witnesses and the interest of justice favor transfer. 28 U.S.C. § 1404(a); Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985). The moving party bears the burden of making a strong showing that transfer is warranted. Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

Plaintiff does not seriously dispute that he could have filed this lawsuit in New Jersey. He argues only that it doesn't matter. Because § 1404(a) authorizes transfer to courts where the action might have been brought, "the transferee court must: (1) be able to exercise personal jurisdiction over the defendant, (2) have subject matter jurisdiction over the claim, and (3) be a proper venue." Zimpelman v. Progressive Northern Ins. Co., No. C09-03306 RMW, 2010 WL 135325 at *1 (N.D. Cal., Jan. 8, 2010) (citing Hoffman v. Blaski, 363 U.S. 335, 343-44, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960)). The gravamen of plaintiff's claims is that Wipro engaged in wage

3

payment violations under the INA and that the Secretary erred in deciding against him. Wipro's U.S. operations are based in New Jersey, and plaintiff's administrative complaint was, at his request, adjudicated there. Plaintiff contends that his claims against Wipro arise under California law, but he never worked for Wipro in California, and he has not convincingly demonstrated that California law governs his claims. Even if he had, "other federal courts are fully capable of applying California law." Foster v. Nationwide Mutual Ins. Co., No. C07-04928 SI, 2007 WL 4410408 at *6 (N.D. Cal., Dec. 14, 2007).

The decision to transfer therefore depends on the convenience of the parties and witnesses and the interests of justice. A district court has discretion to decide motions to transfer venue based upon a case-by-case consideration of convenience and fairness. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000) (quoting Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988)). In exercising its discretion, the court must consider public factors, which pertain to the interests of justice, and private factors, which concern the convenience of the parties and witnesses. Decker Coal Co., 805 F.2d at 843. Among the factors to be considered are: (1) the plaintiff's choice of forum; (2) convenience of the parties and witnesses; (3) ease of access to evidence; (4) familiarity of each forum with the applicable law; (5) the feasibility of consolidation with other claims; (6) local interest in the controversy; and (7) relative court congestion in each forum. Id.; Jones, 211 F.3d at 498-99.

### 1. Plaintiff's Choice of Forum

Plaintiff argues that his decision to file suit here must be given deference. Defendants believe that Gupta is simply forum shopping because he liked the DOL San Francisco office's initial decision to investigate his allegations and is unhappy with the ultimate result he obtained in New Jersey.

Although plaintiff's choice of forum generally is accorded substantial weight, it "is not the final word." Pacific Car and Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968). In deciding the weight to be given to plaintiff's choice, "consideration must be given to the extent both of the defendant's business contacts within the chosen forum and of the plaintiff's contacts,

4

1  including those relating to his cause of action." Id.  Additionally, "[t]he weight given to the

2  plaintiff's choice of forum diminishes when the plaintiff resides outside the chosen forum." Lopez

3  v. Chertoff, No. C06-05000 RMW, 2007 WL 2113494 at *2 (N.D. Cal., July 20, 2007) (citing

4  Gemini Capital Group, Inc. v. Yap Fishing Corp., 150 F.3d 1088, 1091 (9th Cir. 1998)).

5  Plaintiff's choice of forum is also given less weight or disregarded where there is evidence of

6  forum shopping. Foster, 2007 WL 4410408 at *2 ("Where forum shopping is evident, however,

7  courts should disregard plaintiff's choice of forum.").  Where the degree of deference given to

8  plaintiff's choice of venue is reduced, defendant's burden to overcome plaintiff's choice is also

9  reduced. See Chrysler Capital Corp. v. Woehling, 663 F. Supp. 478, 482 (D. Del. 1987) ("[W]hen

10 the plaintiff chooses a forum which has no connection to himself or the subject matter of the suit,

11 and is thus not his "home turf," the burden on the defendant is reduced and it is easier for the

12 defendant to show that the balance of convenience favors transfer."); see also AV Media, PTE,

13 Ltd. v. Omnimount Sys., Inc., No. C06-3805 JSW, 2006 WL 2850054 *3 (N.D. Cal., Oct. 5, 2006)

14 (same).

15  The record presented shows that New Jersey, not California, is the site of the material facts

16 and events giving rise to plaintiff's claims.  Gupta says that up until about eight years ago, all

17 petitions, labor condition applications, and earnings statements showed addresses for Wipro in

18 Santa Clara County.  And, Wipro continues to maintain a presence here.  But, plaintiff is a resident

19 of India, with no apparent ties to California, pursuing claims against Wipro (a company

20 headquartered in New Jersey) and seeking review as to the underlying administrative proceedings

21 adjudicated there.  Plaintiff never worked here, and there is no indication that his duties had any

22 material connection to California.  Gupta emphasizes that the initial decision to investigate the

23 alleged violations was made by the DOL's San Francisco office; and, that decision, he argues, is a

24 key issue in this litigation.  However, Gupta requested that his administrative proceeding be

25 transferred from San Francisco to New Jersey.  Moreover, the actual subject of this litigation is not

26 the initial finding by the DOL's San Francisco office, but the adverse decision ultimately rendered

27 by the DOL in New Jersey.

28

5

In sum, Gupta has shown only a marginal connection to California; his choice of forum is entitled to little weight; defendants' burden to make a strong showing of inconvenience is substantially reduced; and the locus of operative facts weigh in favor of transfer.

**2. Convenience of the Parties and Witnesses**

Defendants argue that it will be more convenient to litigate this matter in New Jersey because Wipro and all relevant witnesses are located in or closer to New Jersey, and there are no witnesses here. Based on the complaint's allegations, Wipro says that witnesses likely will be representatives from the company's human resources department in New Jersey. Additionally, Wipro points out that Mumbai, India (where Gupta lives) is several hundred miles closer to New Jersey than to California. (Hafter Decl. ¶ 3, Ex. A).

Inasmuch as the witnesses Wipro identifies are its own employees, Wipro's argument is given less weight because the company presumably will be able to compel their testimony. AV Media, PTE, Ltd., 2006 WL 2850054 at *3. Even so, plaintiff identifies no California witnesses, and he does not refute the substance of Wipro's arguments and evidence that the center of gravity of this litigation is in New Jersey and that he is geographically closer to New Jersey than to California. Instead, he contends that Wipro waived its right to request transfer of this matter because it reportedly did not seek such relief or offer any New Jersey witnesses in the underlying administrative proceedings. Gupta, however, not only seeks review of the Secretary's decision, but also asserts several claims for relief against Wipro. And, the fact remains that both defendants are seeking transfer under 28 U.S.C. § 1404(a).

Plaintiff argues that litigating in New Jersey will nevertheless be highly inconvenient for him because, unlike courts in the Northern District of California, New Jersey federal courts reportedly do not grant e-filing privileges to pro se litigants. Even assuming this is true, it is not apparent that Gupta will be seriously prejudiced, if at all, with respect to his access to the courts.

This factor weighs in favor of transfer.

**3. Ease of Access to Evidence**

Gupta contends that this factor is neutral because defendants have not identified any

6

evidence they might use that will be more convenient to present in New Jersey than in California. Additionally, he believes that his claims will be summarily adjudicated and that no new evidence will be introduced. Defendants acknowledge that technological advancements have diminished the weight of this factor in the § 1404(a) analysis. Even so, the underlying administrative proceedings took place in New Jersey, and plaintiff identifies no evidence in California. In addition to his request for judicial review of the Secretary's decision, plaintiff is pursuing claims against Wipro; and, at this stage of the proceedings, the court does not exclude the possibility that Wipro may seek to introduce evidence to defend against those claims. And, as discussed above, the center of gravity in this litigation is in New Jersey. This factor favors transfer.

### 4. Familiarity of Each Forum with the Governing Law

Gupta argues that while both districts are familiar with administrative law matters, this court "is likely to be more experienced in identifying and adjudicating Plaintiff's California state law claims against Wipro based on diversity." (Opp. at 10). However, as discussed above, plaintiff has not convincingly demonstrated that California law governs his claims against Wipro. This factor is neutral and does not weigh in favor of either side.

### 5. Local Interest in the Controversy

Plaintiff argues that a substantial part of the events underlying his claims occurred here. And, Wipro has an office here. As discussed above, however, plaintiff has no California ties and has shown only a tenuous California connection to his claims. While plaintiff says that he also never worked for Wipro in New Jersey, the record presented demonstrates that the locus of operative facts and events occurred there. This factor weighs in favor of transfer.

### 6. Feasibility of Consolidation with Other Claims

Plaintiff argues that Wipro lacks standing to seek transfer of this case, since part of his complaint concerns his request for judicial review of the Secretary's decision. As noted above, however, the Secretary joins in Wipro's motion for transfer. There is no other pending case with which this case could be consolidated. This factor is neutral and does not weigh in favor of either side.

### 7. Relative Congestion in Each Forum

Wipro contends that this district is more congested than the District of New Jersey. While the published statistics it presents show that New Jersey has more cases pending per judge, the median time from filing to disposition is shorter there (6.4 months) than here (7.8 months). (Hafter Decl. ¶ 4, Ex. B). Nevertheless, those same statistics show that the median time from filing to trial is shorter here (31 months) than in New Jersey (37.6 months). (Id.). Wipro argues that the time from filing to disposition is the relevant figure, since plaintiff is seeking review of an administrative decision. But, as Wipro has pointed out elsewhere in its papers, plaintiff also asserts separate claims against Wipro. This factor is neutral and does not weigh in favor of either side.

## ORDER

Having determined that plaintiff's choice of forum is entitled to considerably less deference here, and that all other factors, on balance, either favor transfer or are neutral, this court in the exercise of its discretion finds that a transfer to the District of New Jersey is warranted. Accordingly, defendants' motion to transfer venue is GRANTED. The Clerk of the Court shall transfer this case to the United States District Court for the District of New Jersey.

**SO ORDERED**.

Dated:   June 24, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:14-cv-01102-HRL Notice has been electronically mailed to:

Arvind Gupta     arvgup@gmail.com

Brian Ted Hafter     brian.hafter@leclairryan.com, karen.greer@leclairryan.com, stefani.salt@leclairryan.com

James A. Scharf     james.scharf@usdoj.gov, mimi.lam@usdoj.gov

9