*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARVIND GUPTA | : |
| Plaintiff, | : |
| v. | : Case No. 14-4054 (FLW) |
| | : OPINION |
| THOMAS PEREZ, Secretary of Labor, and WIPRO LTD. | : |
| Defendant. | : |

**WOLFSON, United States District Judge:**

This matter comes before the Court on a motion for reconsideration filed by *pro se* Plaintiff, Arvind Gupta ("Plaintiff"). The motion seeks reconsideration of the Court's April 27, 2015 decision granting summary judgment in favor of Defendants on Plaintiff's claims against Defendants Thomas Perez, Secretary of Labor ("the Government") and Wipro, Limited ("Wipro") (collectively, "Defendants"). Plaintiff's claims arise out of his employment with Wipro under an H-1B guestworker visa.

For the reasons that follow, Plaintiff's motion is denied.

**I.   BACKGROUND AND PROCEDURAL HISTORY**

The Court will not belabor the facts, which are both voluminous and familiar to the parties. A more detailed recitation of the underlying dispute may instead be found in the Court's April 27, 2015 Opinion. For the purposes of the present Motion for Reconsideration, it suffices to note that Gupta sought judicial review of the Final Decision and Order rendered by the Administrative Review Board ("ARB") of the Department of Labor ("DOL") rejecting Plaintiff's claims that,

1

pursuant to the Immigration and Nationality Act ("INA") laws that protect H-1B guestworkers, Wipro took unauthorized deductions from his wages and those of other workers. Plaintiff also brought direct claims against Wipro under the INA, and, several months after filing his Complaint and after the motions for summary judgment had been fully briefed, sought to amend his Complaint to add (1) state and federal law claims against Wipro and (2) the President of Wipro as an additional defendant.

In my decision on the parties' motions for summary judgment, I found as follows. Regarding Count One, "Due Process Violations and Other Issues,"[1] I found that Plaintiff had failed to identify a constitutionally protected liberty or property interest of which he was deprived and, further, that the errors that Plaintiff complains about are minor and do not appear to deprive Plaintiff of an opportunity to be heard. *Gupta*, 2015 WL 1914654, at *8–*9. Regarding Count Two, "Nature of Gupta's Complaint—Unauthorized Deductions and Failure to Pay Wages," I found that "the ARB's failure to consider Plaintiff's informal allegations [that Wipro did not pay required wages to Plaintiff during some months when Plaintiff was on Wipro's H-1B visa] in its Final Decision and Order was not arbitrary, capricious, or an abuse of discretion," because Plaintiff never properly amended his DOL complaint to add such a claim. *Id.* at *9–*11. Regarding Count Three, "Did the Agency Properly Deny Gupta's Motion for Leave to Amend," I found that "the ALJ [did not] act[] in an arbitrary or capricious manner in denying Plaintiff's request to amend" the dates of Plaintiff's employment with Wipro in his administrative complaint, "especially because the ALJ did admit and consider Plaintiff's post-remand exhibits which related to Plaintiff's 2008 employment with Wipro." *Id.* at *11–*12.

---

[1] The Court refers to Plaintiff's causes of action as titled in Plaintiff's Complaint.

Regarding Count Four, "Timeliness of DOL Complaints," I stated that "the ARB's finding that Plaintiff's complaint was untimely was not arbitrary or capricious. Given that Wipro was only invited to respond to Plaintiff's ALJ complaint after the ARB remanded the decision, and Wipro agreed with the Administrator's position that Plaintiff's complaint was untimely as an aggrieved worker, the Court does not find that the record reflects that Wipro waived its statute of limitations defense. And[,] the Court does not find any evidence in the record to contradict the ARB and ALJ's findings that Plaintiff's 2009 complaint was [in fact] untimely."[2] *Id.* at *13. Regarding Count Five, "Equitable Tolling and Estoppel," I found that the ARB's decision declining to equitably toll the one-year statute of limitations applicable to to Plaintiff's complaint, on the basis that Wipro actively misled Plaintiff about his cause of action was not arbitrary and capricious. Plaintiff relied upon evidence that could, at best, demonstrate that Wipro actively misled a plaintiff as to the terms of an employer-employee relationship, which is separate from actively misleading a plaintiff as to his cause of action. *Id.* at *15. As to equitable estoppel, this Court found that "Plaintiff appears to conflate the principles of equitable estoppel with the very nature of his claim. Arguing that Wipro's 2005 letter [to Plaintiff regarding the terms of his employment] is misleading insofar as the INA's applicable statutes and regulations governing authorized and unauthorized deductions supersede any contrary terms of Plaintiff's employment is tantamount to arguing that Wipro unlawfully deducted amounts from Plaintiff's wages . . . . Thus, the ARB's decision to affirm the ALJ's declination to exercise equitable estoppel is also not arbitrary, capricious, or an abuse of discretion." *Id.*

---

[2] "A complaint must be filed not later than 12 months after the latest date on which the alleged violation(s) were committed, which would be the date on which the employer allegedly failed to perform an action or fulfill a condition specified in the LCA, or the date on which the employer, through its action or inaction, allegedly demonstrated a misrepresentation of a material fact in the LCA." 20 C.F.R. § 655.806.

Regarding Count Six, "Aggrieved Party and Interested Party Status," I stated that "[a]s to Plaintiff's complaint as an aggrieved competitor, the Court finds reasonable the ALJ and ARB's interpretation of an aggrieved "competitor" as reflected in § 655.715 to preclude potential or future competitors." Further, "the ALJ's decision that Plaintiff's alleged status as a 'worker in a specialty occupation' in non-productive status within 12 months of filing a complaint did not create a separate 'aggrieved party' basis on which to file a DOL complaint was not arbitrary, capricious, or an abuse of discretion." *Id.* at \*17. Finally, I found that "to the extent Plaintiff is seeking review of the ARB's decision to affirm the ALJ's decision on Plaintiff's argument that his complaint should be accepted and reviewed as a "credible source" complaint under § 655.807, that argument must fail," because that regulation "states that '[n]o hearing shall be available from a decision by the Administrator declining to refer allegations addressed by this section to the Secretary, and none shall be available from a decision by the Secretary certifying or declining to certify that an investigation is warranted.' Further, there is a 'presumption that agency decisions not to institute proceedings are unreviewable under 5 U.S.C. § 701(a)(2),' and Plaintiff did not provide, nor does this Court find, evidence that would overcome this presumption as it applies to § 655.807." *Id.* at \*18 (internal citations omitted).

In Counts Eight and Nine,[3] I found that "Plaintiff's attempt in Count Eight to re-litigate his DOL complaint of unauthorized deductions, and his attempt in Count Nine to raise a claim in the first instance that Wipro failed to pay wages to Plaintiff between 2006 and 2008 in Count Nine, must fail," because "the INA does not authorize a private right of action to enforce the laws regarding payment of wages to H–1B workers; rather, claimants must go through administrative

---

[3] In Count Seven of Plaintiff's Amended Complaint, Plaintiff sought declaratory relief with respect to Counts One through Six of his Amended Complaint. Am. Compl. at 55–57.

4

channels and may only seek judicial review once administrative remedies have been exhausted." *Id.* at *18–19.

Next, I found that "[b]ecause the Court has affirmed the ARB's final decision and order, Plaintiff's remaining claims for declaratory relief, a preliminary injunction, compensatory damages, punitive damages, pre-and post-judgment interest, and litigation expenses must also fail." *Id.* at *19. Further, "[b]ecause the Court has affirmed the ARB's decision on the bases challenged by Plaintiff, Plaintiff's motion for preliminary injunctive relief is moot." *Id.*

Finally, I found that Plaintiff's "Motion for leave to file supplemental claims and add a party" proposed supplemental claims that were "separate and distinct from the judicial review of the ARB's Final Decision and Order that Plaintiff had originally sought (and on which he moved for summary judgment). Further, the Court has already determined that Plaintiff's Amended Complaint is being dismissed because summary judgment for the Government and for Wipro is appropriate. Therefore, Plaintiff's newly-raised claims should be brought in a separate lawsuit, and Plaintiff's [motion] is denied without prejudice." *Id.*

On May 5, 2015, Plaintiff filed the instant motion for reconsideration of the Court's decision on Counts One, Four, Eight, Nine of Plaintiff's Complaint, and of the Court's dismissal without prejudice of Plaintiff's proposed supplemental claims. Wipro filed an opposition brief; the Government did not respond to Plaintiff's motion.

## II.    STANDARD OF REVIEW

Local Civil Rule 7.1(i) governs motions for reconsideration and requires the moving party to "set[ ] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked[.]" L. Civ. R. 7.1(i). The burden on the moving party is quite high and reconsideration is granted very sparingly. To prevail on such a motion, the movant must

5

demonstrate either: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct [a] clear error of law or prevent manifest injustice."[4] *Lazaridis v. Wehmer,* 591 F.3d 666, 669 (3d Cir. 2010).

Notably, a motion seeking reconsideration may not be used by a party to "restate arguments that the court has already considered." *Lawrence v. Emigrant Mortg. Co.,* Civ. No. 11–3569, 2012 WL 5199228, *2 (D.N.J., Oct. 18, 2012). Nor may be such a motion be used "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *NL Indus., Inc. v. Comm. Union Ins. Co.,* 935 F.Supp. 513, 516 (D.N.J.1996). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Tishcio v. Bontex, Inc.,* 16 F.Supp.2d 511, 532 (D.N.J. 1998) (internal citation omitted). Further, where a party merely has a difference of opinion with the court's decision, the issue should be raised through the normal appellate process; reconsideration is not the appropriate vehicle. *Dubler v. Hangsterfer's Laboratories,* Civ. No. 09–5144, 2012 WL 1332569, *2 (D.N.J., Apr. 17, 2012) (citing *Bowers v. Nat'l Collegiate Athletic Ass'n,* 130 F.Supp.2d 610, 612 (D.N.J. 2001)).

### III.   DISCUSSION

Here, Plaintiff does not bring new evidence to light or present an intervening change in the law. Rather, Plaintiff argues that the Court committed multiple manifest errors of law. The Court will address Plaintiff's arguments in turn.

*A. Count One*

---

[4] Plaintiff has moved for reconsideration pursuant to Local Civil Rule 7.1 and Rule 59(e) of the Federal Rules of Civil Procedure, which governs motions to amend or alter a judgment. FED. R. CIV. P. 59(e). The standards under which a motion brought under either rule is the same.

In regards to Count One, Plaintiff asserts that he was prejudiced by the lack of an "ALJ hearing" which would have provided Plaintiff an opportunity to conduct discovery, develop the record, and present probative evidence. Plaintiff further asserts that he was prejudiced by the ALJ's decision to limit her decision on remand to the issues set forth in the ARB's decision, which, according to Plaintiff, solely consisted of the issues raised by the DOL Administrator. However, the Court already considered and rejected Plaintiff's argument that he never received the opportunity to conduct discovery. The Court examined the applicable regulation, 20 C.F.R. § 655.835, and found that "contrary to Plaintiff's assertions, § 655.835 does not mandate that the ALJ provide the parties an opportunity to develop the factual record relating to the dates of Plaintiff's employment with Wipro beyond the allegations contained in Plaintiff's complaint; rather, § 655.835 merely provides the ALJ discretionary authority to request pre-or post-hearing briefs or written statements. Thus, any failure on the part of the ALJ to request additional evidence did not violate § 655.835, and Plaintiff fails to demonstrate how such a failure would result in a due process violation." *Id.* at \*9. Plaintiff's argument on reconsideration does not explain how such a conclusion is a manifest error of law. Therefore, reconsideration is denied on this basis.

As to Plaintiff's second point, Plaintiff never argues, either in his Complaint or in his opposition for summary judgment, that the ALJ's decision to limit her analysis on remand to the issues identified by the ARB was a due process violation. *See* Compl at 18–19; Pl.'s Br. in Support of Mot. for Summ. Judgmt. at 12–13. The Court cannot consider this argument on reconsideration, because it could have and should have been raised in Plaintiff's original briefing.[5] *See, e.g.*, *In re*

---

[5] Even if the Court were to consider it, the argument would fail; the ALJ's authority on remand was limited to the scope of the issues considered in the ARB's remand order. *See* A.R. 544; *cf. United States v. Dixon,* 83 Fed. App'x 423, 425 (3d Cir. 2003); *United States v. Kikumura*, 947 F.2d 72, 76 (3d Cir. 1991).

7

*Linerboard Antitrust Litig.,* MDL No. 1261, 2008 WL 4461914, at *3 (E.D. Pa. Oct. 3, 2008) *aff'd,* 361 Fed. App'x 392 (3d Cir. 2010) ("A motion to reconsider may not raise new arguments that could or should have been made in support of, or in opposition to, the original motion."); *see also Kandil v. Yurkovic*, No. 2:06-CV-04701 DMC MF, 2013 WL 6448074, at *2 (D.N.J. Dec. 9, 2013), *appeal dismissed* (Sept. 26, 2014). Accordingly, reconsideration is also denied upon this basis.

*B. Count Four*

Regarding Count Four, Plaintiff contends that the Court committed clear error and manifest injustice in its decision affirming the ARB's finding that Plaintiff's DOL complaint was untimely.

Plaintiff first appears to argue that the Court erred in stating that that "Wipro's involvement in the proceedings only began on August 30, 2011, after the ARB remanded the case due to the ALJ's erroneous decision not to provide notice of the proceedings to Wipro, and the ALJ then provided notice and an opportunity to respond to Wipro." *Gupta*, 2015 WL 1914654 at * 13. Rather, Plaintiff argues that Wipro became "involved" sometime in 2010, when a Wage and Hour Division ("WHD") investigator visited Wipro and investigated Plaintiff's initial complaints against the Company. Pl.'s Br. at 7–8 (citing A.R. 374). To the extent Plaintiff argues this point to support his contention that Wipro waived its right to raise the defense of untimeliness, Plaintiff's argument is rejected. Wipro could not have reasonably raised the legal defense of untimeliness during the WHD's initial investigation into Plaintiff's complaint; as the administrative record demonstrates, the proceedings had not yet progressed to the point where such legal defenses are generally raised. A.R. 374 (describing the DOL visit to Wipro premises as an investigation that "included inspection of documents and interviews of relevant witnesses").

Plaintiff's remaining arguments in support of reconsideration on this point largely repeat his arguments made on summary judgment. Plaintiff points to 20 C.F.R. § 655.815 to argue that Wipro

8

waived its right to request a hearing. However, § 655.815 merely states that "[t]he Administrator's written determination required by § 655.805 of this part shall," in relevant part, "[i]nform the interested parties that they may request a hearing pursuant to § 655.820 of this part" and "[i]nform the interested parties that in the absence of a timely request for a hearing, received by the Chief Administrative Law Judge within 15 calendar days of the date of the determination, the determination of the Administrator shall become final and not appealable." *Id.* Plaintiff also points to 20 C.F.R. § 655.820 to argue that only interested parties or the H-1B employer may raise issues and request an ALJ hearing. However, § 655.815, entitled "How is a hearing requested?" merely sets out how interested parties may request a hearing. *See id.* In short, Plaintiff's arguments do not disturb the Court's conclusion that, "based on the administrative record, Wipro raised the issue of timeliness at the first reasonably possible opportunity, in its November 2011 response to the ALJ in which it wholly endorsed the Administrator's position. Thus, the ARB's failure to find that Wipro forfeited or waived the defense of timeliness is not arbitrary, capricious, or an abuse of discretion." *Gupta*, 2015 WL 1914654 at *13.

Finally, Plaintiff argues that it "is clear error and manifest injustice" that the Court affirmed the ARB's decision that Gupta's May 2009 complaint was untimely, because "timeliness of [the] May 2009 complaint should be ascertained with respect to Wipro's INA violations in May and June 2008 and not by looking at earnings statements of March 2006 and March 2008." Pl.'s Br. at 10. Specifically, Plaintiff argues that he "did allege that Wipro did not provide him earnings statements for the months of May and June 2008" and that it is "Wipro's burden to prove that it did not take unauthorized deductions of [his] wages in May and June 2008." Pl.'s Br. at 10–11.

However, while Plaintiff cites to an allegation in his motion for summary judgment that Wipro did not provide him earnings statements for May and June 2008, *see* Pl.'s Br. at 10, there is no

evidence in the record that he did so in his May 2009 DOL Complaint. *See* A.R. 159. Because the administrative record does not demonstrate that Plaintiff's May 2009 complaint was in fact timely, the Court finds that reconsideration of its decision is unwarranted.

In sum, none of Plaintiff's arguments demonstrate that reconsideration is necessary to prevent a clear error of law or to prevent manifest injustice; accordingly, reconsideration is denied as to the Court's decision in Count Four.

C. *Counts Eight and Nine*

Regarding the Court's summary judgment decision dismissing Counts Eight and Nine, Plaintiff argues that reconsideration is warranted because (1) the ALJ and the ARB failed to resolve the merits of Plaintiff's labor claims, and (2) "neither Wipro nor [the] Government have raised the affirmative defense of exhaustion with their Answer." Pl.'s Br. at 14. However, Plaintiff's first argument is irrelevant and his second is inapposite. The Court dismissed Counts Eight and Nine because "the INA does not authorize a private right of action to enforce the laws regarding payment of wages to H–1B workers; rather, claimants must go through administrative channels and may only seek judicial review once administrative remedies have been exhausted." *Gupta*, 2015 WL 1914654, at *18. Therefore, Plaintiff may not assert a private right of action under the INA even if the administrative courts dismissed Plaintiff's INA claims for procedural reasons. Further, Wipro was not required to plead "failure to exhaust" as an affirmative defense for the Court to reach its conclusion. Rather, because the INA does not authorize a private right of action to enforce the violations of which Plaintiff complains, this Court lacks jurisdiction over Plaintiff's claims asserted in the first instance. Put another way, this Court has no authority to directly adjudicate such claims, regardless of who raises the issue of the INA's lack of a private right of action and when the issue is raised. *See, e.g.*, *Biran v. JP Morgan Chase & Co.*, No. 02 CIV. 5506 (SHS),

2002 WL 31040345, at *1 (S.D.N.Y. Sept. 12, 2002); *Gupta v. Headstrong, Inc.*, No. 12 CIV. 6652 RA, 2013 WL 4710388, at *3 (S.D.N.Y. Aug. 30, 2013). Therefore, reconsideration is unwarranted as to Counts Eight and Nine.

   D.  *Proposed Supplemental Claims*

Finally, Plaintiff urges the Court to reconsider its decision dismissing Plaintiff's proposed supplemental claims without prejudice, for Plaintiff to file those claims in a separate action. Plaintiff contends that reconsideration is warranted because "[f]iling a separate complaint will . . . involve additional costs and delay for Plaintiff. It is also possible that some cause of action will be lost in a new complaint[,] causing irreparable harm" to Plaintiff. Pl.'s Br. at 15.

However, Plaintiff does not demonstrate clear error[6] or manifest injustice such that would allow reconsideration.[7] Here, filing a separate complaint will only result in Plaintiff incurring minimal additional costs; Plaintiff is proceeding *pro se* and may request that the filing fee be waived if he wishes to proceed *in forma pauperis*. Further, Plaintiff does not demonstrate that any of his claims would actually, or even likely, be time-barred by filing a separate complaint. In fact, as the Court noted in its opinion on summary judgment, while I made "no finding regarding the viability or timeliness of the newly proposed claims and the proposed addition of a party . . . . , in the proposed claims, asserted less than two weeks [prior to my ruling on summary judgment],

---

[6] Plaintiff cites *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 199 (2d Cir. 2013), in support of his argument that the Court erred in its determination. However, in *Nakahata*, the circuit court dealt with clearly distinguishable facts. In that case, the circuit court held that the district court abused its discretion by failing to give the plaintiffs an opportunity to seek leave to amend their complaint after the district court dismissed their claims; instead, the district court entered final judgement and closed the case. Moreover, *Nakahata* is an out-of-circuit opinion and thus does not bind the Court.

[7] The decision of whether to grant leave to amend is committed to the sound discretion of the trial court. *See Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004).

Plaintiff maintains that all of the asserted violations are 'continuing' violations, because Plaintiff argues that he was never terminated from Wipro's employment and thus remains a Wipro employee to this day." *Gupta*, 2015 WL 1914654, at *19.

Thus, the Court denies reconsideration of its decision on Plaintiff's motion for leave to amend.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for reconsideration is denied. An appropriate order shall follow.

Dated: August 28, 2015                    /s The Honorable Freda L. Wolfson
                                          United States District Judge